**SO ORDERED.**

**SIGNED this 07 day of February, 2013.**

_Randy D. Doub_
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

GILBERT VAUGHN,                                    CHAPTER 13
CORLETTA J. VAUGHN,                          CASE NO. 09-08038-8-RDD

      DEBTORS

## ORDER GRANTING UNITED STATES'
## MOTION TO DISBURSE PLAN PAYMENTS

Pending before the Court is the United States' Motion to Disburse Plan Payments filed by

the United States of America on July 17, 2012 (the "Motion") and the Response to United States'

Motion to Disburse Plan Payments filed by Gilbert Vaughn and Corletta J. Vaughn (the "Debtors")

on July 31, 2012 (the "Response"). The Court conducted a hearing on the Motion and the Response

in Greenville, North Carolina on January 24, 2013.

### BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 13 of the United States

Bankruptcy Code on September 17, 2009. On October 20, 2009, the Internal Revenue Service

("IRS") filed proof of claim, Claim No. 6, on behalf of the United States. The claim was amended

four times. On April 21, 2010, the IRS filed the amended proof of claim, Claim No. 6-4 (the

"Claim") in the amount of $88,475.17 for civil penalties related to unpaid employment taxes and for income tax liabilities pursuant to 26 U.S.C. § 6672, the Trust Fund Recovery Penalty.  The IRS recorded a tax lien in the amount of $65,819.97 on June 26, 2009 at Liber 47996, Page 257 in the Wayne County Register of Deeds in Michigan attaching to all real and personal property of the Debtors.  The IRS attached evidence of the tax lien to Claim No. 6-4.  The Debtors objected to the claim, asserting that Mrs. Vaughn, was not a responsible party for taxes owed by an entity founded by Mrs. Vaughn, Go Tell It Evangelistic Ministry.  In the Order Overruling Objection to Claim, the Court found Mrs. Vaughn to be a responsible party pursuant to §6672(a), who willfully failed to ensure that the trust fund taxes of Go Tell It Evangelistic Ministry were paid.  *In re Vaughn*, No. 09-08038-8-RDD, 2011 WL 5299700, at *11 (Bankr. E.D.N.C. Oct. 17, 2011).  The Court held Mrs. Vaughn is liable to the IRS for past-due employment taxes plus interest and penalties in the amount of $85,814.69.[1]  *Id*.  The Debtors appealed and the United States District Court for the Eastern District of North Carolina affirmed the order of the Bankruptcy Court.  *Vaughn v. Internal Revenue Serv.*, No. 4:11-CV-222-FL, 2012 WL 3637141 (July 16, 2012).

The Debtors filed a Chapter 13 Plan of Reorganization on October 14, 2009.  However, no Plan of Reorganization was ever confirmed by the Court in the Debtors' case.[2]  The Debtors filed a Motion to Dismiss their Chapter 13 proceeding on June 26, 2012.  On June 28, 2012, the Court entered the Order Voluntarily Dismissing Case, pursuant to 11 U.S.C. § 1307, for good cause shown.

---

[1] $85,814.69 was an amount stipulated to by Mrs. Vaughn and the IRS in joint pre-trial disclosures filed on July 20, 2011.

[2] The Chapter 13 Trustee filed the Minutes of 341 & Motion for Confirmation of Plan on March 18, 2011; the Minutes of 341 Meeting & Motion for Confirmation of Plan on February 8, 2012; and the Amended Minutes of 341 Meeting & Motion for Confirmation of Plan on April 5, 2012, the April 5, 2012 filing was pending when the Debtors' case was dismissed.

During the pendency of the case, the Debtors made payments to the Chapter 13 Trustee pursuant to the Debtors' proposed Plan of Reorganization.  After the case was dismissed, the Trustee returned approximately $6,987.15 in undistributed plan payments to the Debtors' counsel.

Subsequently, the IRS filed the Motion requesting the Court enter an order disbursing all payments made by the Debtors into the Chapter 13 bankruptcy estate to the IRS,  pursuant to Local Bankruptcy Rule 3070-1.  In support of the Motion, the IRS contends that it has a valid claim for unpaid tax liability in the amount of $85,814.69; that because of the dismissal, all plan payments not yet disbursed by the trustee will be returned to the Debtors; and that the Court is authorized to distribute the funds to the estate's creditors.  The IRS believes the total amount of plan payments paid into the estate is $6,987.15.  The IRS asserts the Debtors have received protection under the Bankruptcy Code for almost three (3) years while paying creditors nothing.  Further, the IRS was forced to defend the claim objection and has yet to receive any payment on its claim.  In the Response, the Debtors object to the funds being disbursed to the IRS and request the funds be disbursed to the Debtors with $1,600.00 to be paid to their attorney as an administrative expense claim.

At the hearing, the IRS renewed its request for disbursement of the funds.  Counsel for the IRS informed the Court that on January 22, 2012, it mailed to the Debtors the notice of intent to levy the Debtors' property and delivered a copy of the same to Mr. Vaughn and the Debtors' counsel at the hearing.  The IRS asserts that if the Court orders the funds be disbursed to it, the IRS will not be required to devote time and expense to carry out the levy.

The Debtors' counsel informed the Court he is currently holding the $6,987.15 disbursed by the Chapter 13 Trustee in his trust account on behalf of the Debtors.  Counsel also stated the Trustee

3

disbursed $946.79 via check to the Debtors, which the Debtors have not deposited pending instruction from the Court.  The Debtors argue that pursuant to 11 U.S.C. § 1326(a)(2), all payments paid into the plan shall be retained by the trustee.  If the plan is not confirmed, the trustee shall return the payments to the debtor after deducting any allowed claims under 11 U.S.C. § 503(b).

### DISCUSSION

Section 1326(a)(2) provides:

> payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. . . . *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor,* after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2) (emphasis added).  Local Bankruptcy Rule 3070-1(a) augments § 1326(a)(2) and states that upon "dismissal of a chapter 13 case prior to confirmation, and *unless the court orders otherwise*, the standing trustee shall return to the debtor any payments made by the debtor under the proposed plan, less any claim under 11 U.S.C. § 503(b)."  E.D.N.C. LBR 3070-1(a) (emphasis added).  Therefore, the Bankruptcy Code clearly provides that if a debtor's plan has not been confirmed, then any payments made into the plan shall be returned to the debtor upon dismissal.  *In re Oliver*, 222 B.R. 272, 275 (Bankr. E.D. Va. 1998) ("[T]he language of the statute is clear, the Trustee shall return any undistributed funds to the debtor after paying the debtor's attorney . . . .")

As it is established that a trustee must generally disburse funds to a debtor upon dismissal of the case prior to confirmation, the Court must determine the impact of a tax levy pursuant to 26 U.S.C. § 6331 on the disbursement of the funds.  The IRS asserts that the phrase, "unless the court the court orders otherwise," in Local Rule 3070-1(a) allows the Court to direct the trustee to disburse the funds to a party other than the Debtors.  After review of the applicable sections of the United

4

States Code and case law, the Court concludes that based on the IRS tax lien and notice of levy, the IRS is entitled to disbursement of the funds.

Section 6321 of the Internal Revenue Code allows for the creation of a lien in favor of the United States on "all property and rights to property, whether real or personal, belonging to" any person who fails to pay any tax.  26 U.S.C. 6321.  Section 6331 provides that the Secretary of Treasury may satisfy any unpaid tax by levy.[3]  26 U.S.C. § 6331.  In general, levy may be made "upon the salary or wages or other property of any person with respect to any unpaid tax."  26 U.S.C. § 6331(d)(1).  Section 6334 provides thirteen (13) categories of property exempt from levy.  26 U.S.C. § 3334.  Before levy is made, thirty (30) days notice must be given.  26 U.S.C. § 6331(d)(2).

Case law suggests that where a notice of levy was served on a Chapter 13 trustee, § 1326(a)(2) does not restrict the IRS's right to levy unless the property is specifically exempt from levy.  *Beam v. Internal Revenue Serv. (In re Beam)*, 192 F.3d 941, 944 (9th Cir. 1999) ("Congress set forth unambiguous language that 'no property or other rights shall be exempt from levy other than property specifically made exempt by [§ 6334](a).'").  While some bankruptcy courts "have concluded that when a trustee is holding undistributed funds paid by a debtor, the plain meaning of the statute dictates that the funds be returned to the debtor," these cases are distinguishable because

---

[3] Section 6331 provides:

If any person liable to pay any tax neglects or refuses to pay the same . . . it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a).

they involve garnishment under state law instead of levy under federal law. *Mass. V. Pappalardo (In re Steenstra)*, 307 B.R. 732, 739-40 (1st Cir. B.A.P. 2004) ("[B]ecause the dismissal of a bankruptcy case prior to confirmation removes the protections afforded by the Bankruptcy Code, the funds held by a Chapter 13 trustee . . . are not afforded protection from levy."); *In re Bailey*, 330 B.R. 775 (Bankr. D. Or. 2005) (explaining § 1326(a)(2) is clear and unambiguous where creditor sought disbursement of funds through garnishment under state law); *In re Oliver*, 222 B.R. 272 (Bankr. E.D. Va. 1998) (finding the language of the statute is clear, the trustee shall return undistributed funds to the debtor where creditor sought to collect through garnishment under state law); *but see Beam*, 192 F.3d 941; *In re Doherty*, 229 B.R. 461 (Bankr. E.D. Wash. 1999) (authorizing the trustee to disburse funds to the Washington Department of Revenue after service of a notice to withhold funds of the debtor).

The facts in *Beam* are similar to those in the present case. The IRS served a notice of levy on money the debtors deposited into their unconfirmed Chapter 13 plan after dismissal of the case. The only variance is that in *Beam*, the trustee was still in possession of the plan payments when the notice of levy was served. The Ninth Circuit interpreted 26 U.S.C. § 6331, when read in conjunction with 26 U.S.C. § 6334, as authorizing the IRS to collect unpaid taxes through a levy on property as long as the property is not specifically exempt from levy. *Beam*, 192 F.3d at 944. Therefore, the court held that because the thirteen (13) specific exemptions provided in § 6334(a) did not include property under 11 U.S.C. § 1326(a)(2), Congress did not intend for the plan payments to be exempt from levy. *Id*.

In the present case, the Court finds that because the IRS properly recorded the tax lien in the Wayne County, Michigan Register of Deeds and the notice of levy was served on the Debtors and

6

counsel, the funds must be turned over to the IRS.  The IRS recorded the tax lien on June 26, 2009. The IRS mailed the notice of intent to levy to the Debtors on January 22, 2013 and served Mr. Vaughn and counsel with the notice of intent to levy on January 24, 2013.  By doing so, the IRS began the procedural requirements for levying the Debtors' property and is entitled to take possession of the funds.  While thirty (30) days from the date the Debtors received notice of the levy has not passed, it is clear that the IRS has an interest in and right to the funds.  Absent this Court's order, the IRS could take possession of the funds on February 21, 2013.  Although the trustee already disbursed the funds to the Debtors' counsel, the funds were held in trust pending the Court's determination.

Therefore, the Debtors' counsel, J. Allen Murphy, is **ORDERED** to disburse the $6,987.15 held in trust less $1,600.00 for attorney's fees pursuant to § 503(b), for a total of $5,387.15 to the IRS on or before February 15, 2013 at 5:00 pm.  Further, the Debtors are **ORDERED** to turn over $946.79 to the IRS on or before February 15, 2013 at 5:00 pm.

**SO ORDERED.**

**END OF DOCUMENT**